Return Date: June 7, 2016
Return Time: 10:00 a.m.

Rosemarie E. Matera
Kurtzman Matera, P.C.
Attorneys for Debtor
664 Chestnut Ridge Road
Spring Valley, New York 10977
845-352-8800
law@kmpclaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:

CAYOT REALTY, INC.,                                Chapter 11

                  Debtor.                  Case No:  Case No. 16-22664(RDD)

------------------------------------------------------------- x

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER APPROVING INTERIM AND FINAL USE OF CASH COLLATERAL PURSUANT TO SECTIONS 105(a), 361, 363 AND 364(c) OF THE BANKRUPTCY CODE**

**TO:**  **HONORABLE ROBERT D. DRAIN**
         **UNITED STATES BANKRUPTCY JUDGE**

Cayot Realty, Inc., the debtor and debtor in possession herein ("Debtor"), by and through its attorneys, Kurtzman Matera, P.C., respectfully submits this application for entry of an Order pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014 and Sections 105(a), 361, 363 and 364(c) of the United States Bankruptcy Code ("Bankruptcy Code") seeking authorization to: (a) utilize, post petition, the cash collateral of Colony AMC OPCO, LLC, as special service for Wells Fargo Bank, National Association ("Lender"), pursuant to Sections 363 and 364 of the Bankruptcy Code; (b) ratify, reaffirm and adopt, as modified and supplemented by the annexed Order, the Debtor's pre-petition agreement with the Lender, to the extent it is validly secured; (c) grant adequate protection to the Lender by means of (i) monthly adequate protection payments of

$14,893.93, principal and interest, which shall be applied in accordance with the Multifamily Note dated August, 2007; (ii) a security interest in all presently owned and hereafter acquired assets of the Debtor to the same extent and priority as pre-petition but excluding causes of action brought pursuant to Sections 544-550 and 553 of the Bankruptcy Code, subject to the Carve-Out; and (iii) a budget, and sets forth as follows:

1.      The Chapter 11 petition was filed on May 16, 2016 ("Filing Date") with the United States Bankruptcy Court for the Southern District of New York.  The Debtor was thereupon continued in the management and operation of its business as a Debtor in Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed herein.  Moreover, no official committee has been appointment pursuant to Section 1102 of the Bankruptcy Code.

2.      This Court has jurisdiction of this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and of the within Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105(a), 361, 363 and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4001(b) and 9014.

3.      The Debtor is a single asset real estate Debtor as defined at Section 101(51)(B) of the Bankruptcy Code, owning real property located at 333 Route 202, Pomona, New York 10970 ("Real Property").  The Real Property consists of 36 trailer lot rentals and two (2) commercial buildings occupied by a pizza shop and a dentist.  Presently, all units are occupied.  The tenants pay a total of $37,615.00 per month as rent.

4.      The Debtor executed certain pre-petition agreements with the Lender inclusive of a Multifamily Mortgage, Assignment of Rents and Security Agreement and Fixture Filing and Multifamily Note (collectively, the "Security Agreements").  The Lender also obtained a Guaranty of Payment from Gloria Henningsen, now deceased.  Each of the referred documents is annexed

to the Complaint, Exhibit "A", specifically Exhibits "D", "C" and "E".

    5.    As of the Filing Date, the Debtor was indebted to the Lender in an approximate amount of $2,100,000.00.

    6.    The value of the Debtor's Real Property in which the Lender has a security interest is approximately $3,000,000.00.

    7.    The Real Property is also encumbered by a Federal Tax Lien of $1,770.44 and a judgment to Provident Bank, n/k/a Sterling Bank, in an approximate amount of $35,000.00.

**A.**    **Use of Cash Collateral**

    8.    Section 363(a) of the Bankruptcy Code defines cash collateral as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents. . . and includes the proceeds, products. . . or profits of property. . .".

    9.    The authority to utilize cash collateral is absolutely necessary to avoid irreparable harm and to preserve and to maintain the Debtor's operation and, hopefully, allow for a reorganization.

    10.    The Debtor has had discussions with counsel for the Lender and is hopeful that either a stipulation and order or consensual order granting it permission to utilize cash collateral pursuant to its terms and in accordance with the Budget which is annexed hereto as Exhibit "B", will be able to be presented to the Court on or before the scheduled Return Date of this Application.

    11.    Pursuant to Sections 363(c)(2)(B) of the Bankruptcy Code, a debtor may not use cash collateral absent the consent of any entity with an interest in such cash collateral or an order of the Bankruptcy Court.

**B.**    **The Terms for Use of Cash Collateral**

    12.    The Debtor is prepared to grant to the Lender as adequate protection for use of cash collateral the terms and conditions set forth in the proposed order, including *inter alia*,: (i)

monthly adequate protection payments of $14,893.93 calculated and applied in accordance with the Multifamily Note; (ii) the ratification, reaffirmation and adoption of the Security Agreement, including its validity and enforceability to the extent of the value of the Lender's Pre-Petition Collateral without default interest; (iii) liens and security interests for the use of cash collateral in accordance with the Budget, over the Real Property, but excluding causes of action brought pursuant to Sections 544-550 and 553 of the Bankruptcy Code, subject to the Carve-Out, as defined in the Proposed Order, and (iv) the Budget.

13. The Carve-Out, defined in the proposed order includes, to an unlimited extent, the statutory fees payable to the Office of the United States Trustee and the fees of retained professionals.

14. The Lender is entitled, upon the occurrence of a Termination Event, defined in the proposed order, with the giving of written notice to Debtor and to the Office of the United States Trustee, free of the restrictions of Section 362 of the Bankruptcy Code, to take immediate reasonable action to protect the Real Property and, after the giving of ten (10) business days notice, exercise its rights unless injunctive relief is obtained.

15. Here, the Debtor consented to the stated adequate protection payments of $14,893.93 per month to be applied pursuant to the terms of the Multifamily Note. The Debtor has also provided a reasonable Budget. At this most early stage of the reorganization process, the Debtor is intent upon reorganizing, most likely by way of a refinancing of the obligation to the Lender.

## **CONCLUSION**

16. The use of cash collateral is important to the continued viability of the Debtor, inclusive of payments for insurance, water and taxes as reflected in the Budget.

17. The Debtor has not previously sought the relief requested herein.

18. It is respectfully requested that the filing of a separate Memorandum of Law be

waived.

      WHEREFORE, it is respectfully requested that the annexed proposed order allowing interim use of cash collateral be approved, a final hearing for use of cash collateral be set and this Court grant such other and further relief as this Court deems just and proper.

Dated:  Spring Valley, New York
         May 24, 2016

                              KURTZMAN MATERA, P.C.
                              Attorneys for Debtor

                              /s/ Rosemarie E. Matera
                              Rosemarie E. Matera, Esq.
                              664 Chestnut Ridge Road
                              Spring Valley, New York 10977
                              (845) 352-8800